IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMIE L. PARKHURST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.2:17-CV-04087-RK |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Social Security Administration denying disability benefits. The decision of the Administrative Law Judge ("ALJ") is **AFFIRMED in part and REVERSED in part**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the ALJ's findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily

to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ found that Plaintiff suffers from the following severe impairments: degenerative disc disease of the cervical spine, migraines, post-concussion headaches, anxiety disorder, bipolar disorder, major depressive disorder, panic disorder, and attention deficit disorder. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with limitations. The ALJ found Plaintiff was able to perform past relevant work as a cleaner/housekeeper. Finally, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform.

On appeal, Plaintiff presents the following arguments in support of reversal: (1) whether the ALJ erred in failing to consider Dr. Lucio's medical opinion, and (2) whether remand is required to consider evidence submitted after the hearing but before the ALJ rendered his decision.

First, Plaintiff argues the ALJ erred in failing to consider Dr. Lucio's medical opinion. The ALJ omitted the opinion of Dr. Lucio from the RFC determination and the ALJ's decision without explanation.[1] Dr. Lucio opined that Plaintiff could not lift more than five pounds at any given time.[2] The RFC determination provided, and the VE testified, that Plaintiff can perform light work with limitations. Light work involves lifting ten pounds frequently and twenty pounds occasionally. 20 C.F.R § 404.1567. This is problematic because Dr. Lucio's opinion disqualifies Plaintiff from performing light work. "The adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." 20 C.F.R.

---

[1] Dr. Lucio's opinion was provided to the ALJ five days after the hearing but before the ALJ issued his disability determination.

[2] At the hearing, Plaintiff also testified she could not lift more than five pounds at a time; however, the ALJ properly discounted Plaintiff's credibility and corresponding testimony.

2

§ 404.1567. *See Willcockson v. Astrue*, 540 F.3d 878, 880 (8th Cir. 2008) (the court determined remand was proper when the court "cannot determine from the record whether the ALJ overlooked these statements, gave them some weight, or completely disregarded them"). *See also Trotter v. Colvin*, 2015 WL 5785548, at *3 (W.D. Mo. Oct. 2, 2015) (remand was required when the ALJ gave a medical opinion weight but did not provide any explanation for omitting portions of the opinion); *Woods v. Astrue,* 780 F. Supp. 2d 904, 913-15 (E.D. Mo. Jan. 26, 2011) (remand was required when the ALJ provided weight to the treating physician's opinion, but disregarded the physician's limitations without explanation). Therefore, because the ALJ omitted Dr. Lucio's opinion from the ALJ's decision entirely, without explanation, remand is necessary to reevaluate Dr. Lucio's opinion.

Next, Plaintiff argues remand is appropriate for consideration of new evidence submitted after the hearing date but before the ALJ issued his decision. The Appeals Council evaluated the entire record, including this additional evidence, but denied review in accordance with the regulations. *See* 20 C.F.R. § 404.970(b). If the Appeals Council determines the ALJ's decision, including newly submitted evidence, is contrary to the weight of the evidence, remand is inappropriate. *Cunningham v. Apfel*, 222 F.3d 496, 503 (8th Cir. 2000). *See also Scott v. Astrue*, 2010 WL 3940812, at *3 (W.D. Mo. Oct. 6, 2010) ("the evidence considered at the administrative level, so a remand is not required just so the evidence can be considered" by the ALJ); *Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007) ("[w]here, as here, the Appeals Council considers new evidence but denies review, we must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence"). Accordingly, because the Appeals Council considered the newly submitted evidence, remand is inappropriate on this issue.

**Conclusion**

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court **AFFIRMS in part and REVERSES in part** ALJ's decision under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate the medical opinion of Dr. Lucio. If the ALJ determines that Dr. Lucio's opinion should be disregarded, the ALJ should provide specific, reasoned explanations for that decision.

**IT IS SO ORDERED.**

                                                          s/ Roseann A. Ketchmark
                                                         ROSEANN A. KETCHMARK, JUDGE
                                                         UNITED STATES DISTRICT COURT

DATED: September 24, 2018